# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0966V
Filed: March 5, 2018
For Publication

| | |
|---|---|
| SARA DASHTY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Nora Beth Dorsey<br><br>Compensation Under the Vaccine Program; Offset; Section 15(g); Section 15(h); Claim of Subrogation by Private Health Care Insurance; Special Processing Unit ("SPU") |

*Kevin George Liebeck*, Hodes Milman Liebeck, LLP, Irvine, CA, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON PRIVATE HEALTH CARE INSURANCE OFFSET[1]

**Dorsey,** Chief Special Master:

      During a telephonic status conference, counsel for the parties discussed the need for a ruling concerning how §§ 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act" or "Program")[2] pertain to the present case. Petitioner informed the court that her health insurance carrier recently issued a letter indicating that it would likely assert a lien related to this case. Thus, petitioner

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

seeks to clarify whether her health care insurer is entitled to reimbursement of benefits that it has paid if petitioner recovers monies in this case.

Under the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in a death.  § 15(a); *see also* Gram v. Sec'y of Health & Human Servs., No. 15-305V, 2015 WL 7166087 (Fed. Cl. Spec. Mstr. Sept. 29, 2015); Helman v. Sec'y of Health & Human Servs., No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24, 2014) (citing Bruesewitz v. Wyeth, LLC, 131 S. Ct. 1068, 2074 (2011).

Pursuant to §15(g), the Vaccine Act is a secondary payer to any insurance policy.  §15(g); *see also* Gram, Helman.  Any award under the Vaccine Act must be offset by payments made or expected to be paid under an insurance policy.  *See* §15(g), Gram, and Helman.  Furthermore, § 15(h) prohibits a health insurance policy from making payment of benefits under a policy secondary to the payment of compensation under the Vaccine Program.

**Thus, the undersigned rules that pursuant to the Vaccine Act, petitioner's insurer would not be reimbursed for payments made for petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged, should petitioner recover any monies in this matter.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
