# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0966V
Filed: March 29, 2018
UNPUBLISHED

| | |
|---|---|
| SARA DASHTY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Complex<br>Regional Pain Syndrome ("CRPS") |

*Kevin George Liebeck*, Hodes Milman Liebeck, LLP, Irvine, CA, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

　　On September 3, 2015, Sara Dashty ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on October 30, 2013, she suffered various injuries, including limited movement of her left arm and chronic regional pain syndrome ("CRPS"). *See generally* Petition. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

　　On February 5, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for CRPS. On March 28, 2018, respondent filed a Proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of $349,264.08 and an amount sufficient to purchase the annuity contract described in section II.B of the proffer. Proffer at 4. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner the following:**

1. **A lump sum payment of $349,264.08 in the form of a check payable to petitioner, Sara Dashty,** which represents compensation for life care expenses expected to be incurred during the first year after judgment ($16,884.47); lost future earnings ($111,303.33); actual and projected pain and suffering, with the amount for projected pain and suffering having been reduced to net present value ($220,576.28); and past unreimbursable expenses ($500.00), and

2. **An amount sufficient to purchase the annuity contract described in section II.B of the Proffer.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARA DASHTY,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 15-966V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 5, 2016, respondent filed a Rule 4(c) Report conceding that petitioner was entitled to compensation for her vaccine-related injuries, including but not limited to complex regional pain syndrome. For the purposes of this proffer, the term "vaccine related" is as described in the Rule 4(c) Report.

**I.    Items of Compensation**

  A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner engaged Kelly Nasser, RN, GNP, CNLP, to provide an estimation of Sara Dashty's future vaccine-injury related needs. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Sara Dashty, attached hereto as Tab A.[1] Respondent proffers that Sara Dashty should be awarded all items of compensation set forth in the life care plan and illustrated by the

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

chart attached at Tab A.  Petitioner agrees.

      B.      Lost Future Earnings

The parties agree that based upon the evidence of record, Sara Dashty will suffer a loss of earnings in the future.  Therefore, respondent proffers that Sara Dashty should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Sara Dashty's lost earnings is $111,303.33.  Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that Sara Dashty should be awarded $220,576.28 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Sara Dashty's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $500.00.

## II.  Form of the Award

The parties recommend that the compensation provided to Sara Dashty should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A. <u>Lump Sum Payment</u>

A lump sum payment of $349,264.08, representing compensation for life care expenses expected to be incurred during the first year after judgment ($16,884.47), lost future earnings ($111,303.33), pain and suffering ($220,576.28), and past unreimbursable expenses ($500.00), in the form of a check payable to petitioner, Sara Dashty.

B. <u>Future Annuity Payments</u>

An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Sara Dashty, only so long as Sara Dashty is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly,

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

### 1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

### 2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Sara Dashty, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Sara Dashty's death.

### 3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.  Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Sara Dashty: **$349,264.08**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        *s/Adriana Teitel*
        ADRIANA TEITEL
        Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-3677

Dated: March 28, 2018

**Appendix A:  Items of Compensation for Sara Dashty**     Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2021 | 2022 | 2023 | 2024-2027 | 2028 | 2029 | 2030-Life |
| Kaiser MOP | 5% | | | 1,500.00 | 1,500.00 | | | | | | |
| Medicare Part B | 5% | | | | | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medigap C | 5% | | M | | | 1,877.76 | 1,877.76 | 1,877.76 | 1,877.76 | 1,877.76 | 1,877.76 |
| Medicare Part D | 5% | | M | | | 752.28 | 752.28 | 752.28 | 752.28 | 752.28 | 752.28 |
| Primary Care | 5% | * | | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | | |
| Psychiatrist | 5% | * | | | | | | | | | |
| Counseling | 4% | * | | | | | | | | | |
| Lab Testing | 4% | * | | | | | | | | | |
| Duloxetine | 5% | * | | | | | | | | | |
| Ibuprofen | 5% | * | | | | | | | | | |
| PT Eval | 4% | * | | | | | | | | 150.00 | 150.00 |
| PT | 4% | * | | | | | | | | 2,011.92 | 670.64 |
| OT Eval | 4% | * | | | | | | | | | |
| OT | 4% | * | | | | | | | | 1,350.32 | 675.00 |
| Injections | 5% | * | | | | | | | | | |
| Hand Held Shower | 4% | * | | 34.54 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 | 6.91 |
| Shower Transfer Bench | 4% | | | 95.00 | 19.00 | 19.00 | 19.00 | 19.00 | 19.00 | 19.00 | 19.00 |
| Bed Cane | 4% | | | 70.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 |
| Heating Pad | 4% | | | 36.00 | 18.00 | 18.00 | 18.00 | 18.00 | 18.00 | 18.00 | 18.00 |
| TENS Unit | 4% | * | | | | | | | | | |
| Grab Bars | 4% | | | 139.98 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Wedge Pillows | 4% | | | 42.00 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 |
| Adaptive Bathroom & Kitchen Equip | 4% | | | 200.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Lift Chair | 4% | | | 369.00 | 52.71 | 52.71 | 52.71 | 52.71 | 52.71 | 52.71 | 52.71 |
| Car Mods | 4% | | | 22.95 | | | 22.95 | | 22.95 | | |
| Home Health Aide | 4% | | M | 11,700.00 | 18,200.00 | 18,200.00 | 18,200.00 | 18,200.00 | 18,200.00 | 18,200.00 | 18,200.00 |
| Ancillary Services | 4% | | M | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 |
| Driver's Eval | 4% | | | 275.00 | | | 275.00 | | 275.00 | | |
| Lost Future Earnings | | | | 111,303.33 | | | | | | | |

**Appendix A: Items of Compensation for Sara Dashty**  Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2021 | 2022 | 2023 | 2024-2027 | 2028 | 2029 | 2030-Life |
| Pain and Suffering | | | | 220,576.28 | | | | | | | |
| Past Unreimbursable Expenses | | | | 500.00 | | | | | | | |
| Annual Totals | | | | 349,264.08 | 22,291.62 | 25,029.66 | 25,327.61 | 25,029.66 | 25,327.61 | 28,541.90 | 26,525.30 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($16,884.47), lost future earnings ($111,303.33), pain and suffering ($220,576.28), and past unreimbursable expenses ($500.00): $349,264.08.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.