# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0966V
Filed: November 21, 2018
UNPUBLISHED

| | |
|---|---|
| SARA DASHTY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Kevin George Liebeck, Hodes Milman Liebeck, LLP, Irvine, CA,* for petitioner.
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 3, 2015, Sara Dashty ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on October 30, 2013, she suffered various injuries, including limited movement of her left arm and chronic regional pain syndrome ("CRPS"). *See generally* Petition. On March 29, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 76.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 5, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 82. Petitioner requests attorneys' fees in the amount of $29,470.10 and attorneys' costs in the amount of $9,728.53. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $39,198.63.

On October 12, 2018, respondent filed a response to petitioner's motion. ECF No. 83. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

I. **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II.  Discussion

This is the first case in the Vaccine Program for both attorney Kevin Liebeck and attorney Lee Weiss. Further, there are currently no additional Vaccine Program cases pending for either Mr. Liebeck or Mr. Weiss. Upon review of the billing records the undersigned reduces the request for attorney fees due to excessive hourly rates, attorneys billing for paralegal tasks, travel time, administrative charges, and vague and duplicative entries.

### A.  Hourly Rates

Petitioner requests compensation for attorney Kevin Liebeck at the following rates;

> $375 per hour for work performed in 2014 - 2016,
> $383 per hour for work performed in 2017
> $396 per hour for work performed in 2018.[3]

ECF No. 82-1 at 1-8.

Petitioner requests compensation for attorney Lee M. Weiss at the following rates:

> $175 per hour for work performed in 2014 – 2015
> $200 per hour for work performed in 2016[4]
> $230 per hour for work performed from January – November 2017
> $255 per hour for work performed in December 2017
> $264 per hour for work performed in 2018

ECF No. 82-1 at 1-8.

The undersigned finds the requested rates excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are

---

[3] The attorney's hourly rates were not specifically stated in the motion for attorney fees or invoices. The undersigned was able to determine the rates billed by these attorneys by dividing the dollar amount billed by the hours billed by each attorney.

[4] One entry for attorney Lee Weiss, dated December 22, 2016 was billed at the rate of $225 per hour. ECF No. 82-1 at 4.

paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

      i.      Kevin G. Liebeck

Mr. Liebeck attests he has been practicing law since February 2003, which places him in the range of attorneys with 11 – 19 years of experience for the duration of this case. *Id* at 8. Given Mr. Liebeck's inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Mr. Liebeck has requested a rate at the highest end of the appropriate experience ranges, however he lacks the experience in the Vaccine Program to support the requested rates. Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Liebeck's requested hourly rates are reduced to the following:

      $300 per hour for work performed in 2014,
      $315 per hour for work performed in 2015,
      $330 per hour for work performed in 2016,
      $345 per hour for work performed in 2017, and
      $360 per hour for work performed in 2018.

Therefore, **the request for attorneys' fees is reduced by $2,540.80**.[5]

      ii.      Lee M. Weiss

Mr. Liebeck submitted documentation from The State Bar of California showing Mr. Weiss has been admitted since December 2012, which places him in the range of attorneys with under 4 years of experience through 2016 and in the range of attorneys with 4-7 years of experience from 2017 – 2018. *Id* at 13. In regards to the requested rates for 2014 – 2016 the undersigned finds the requested rates appropriate based on the OSM Attorneys' Forum Hourly Rate Schedules and awards them herein. However,

---

[5] This amount consists of ($375 - $300 = $75 x 9.1 = $682.50) + ($375 - $315 = $60 x 11.4 = $684.00) + ($375 - $330 = $45 x 13.7 = $616.50) + ($383 - $345 = $38 x 12.5 = $475) + ($396 - $360 = $36 x 2.3 = $82.50) = $2,540.80.

given Mr. Weiss' inexperience in the Vaccine Program, a reduction of his requested rates in 2017 and 2018 is deemed appropriate. *See McCulloch*, 2015 WL 5634323, at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Weiss' requested hourly rates are reduced to the following:

> $225 per hour for work performed in 2017, and
> $240 per hour for work performed in 2018 .

Therefore, **the request for attorneys' fees is reduced by $328.80**.[6]

      B.    Paralegal Tasks

Mr. Liebeck and Mr. Weiss billed 2.5 hours on tasks that are considered paralegal work. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples of these entries include:

> October 27, 2015 (0.10 hrs) "Filed Exhibits 6 and 7, Exhibit List, Statement of Completion"
> December 4, 2015 (0.10 hrs) "Filed Exhibit 8 and First Amended Exhibit List"
> February 22, 2016 (0.10 hrs) "Filed Status Report"
> November 15, 2016 (0.40 hrs) "Conducted research re: contact info of Ramier's physicians"
> September 7, 2017 (0.10 hrs) "Filed motion for enlargement of time"
> April 9, 2018 (0.10 hrs) "Filed Election to Accept Judgment"[7]

ECF No. 82-1 at 2-7.

The undersigned reduces the hourly rate on the entries that are considered paralegal to $140.00 per hour. This reduces **the request for attorney's fees in the amount of $224.50**.[8]

---

[6] This amount consists of ($315 - $140 = $175 x 0.40 = $70) + ($175 - $140 = $35 x .3 = $10.50) + ($200 - $140 = $60 x 0.6 = $36) + ($225 - $140 = $85 x .8 = $68) + ($240 - $140 = $100 x 0.4 = $40) = $224.50.

[7] These entries are merely an examples and are not exhaustive.

[8] This amount consists of ($275 - $135 = $140 x 1.4 hours = $196) + ($300 per hour - $135 = $165 x 3 = $495) + ($315 - $135 = $180 x 1.2 = $216) + ($325 - $135 = $190 x 2 = $380) = $1,287.00

### C.     Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no case work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Mr. Weiss billed 2.5 hours of travel time in March 2016 at the full hourly rate of $200.00. ECF No. 82-1 at 3. Petitioner's application for attorneys' fees does not indicate whether Mr. Weiss performed work while traveling. At a 50% reduction, the hourly rate for travel will be $100.00 per hour. This reduces, **the request for attorneys' fees is reduced by $250.00**.[9]

### D.     Duplicative Entries

The undersigned has previously reduced attorneys' fees due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

As both a senior and junior attorney billed on this case, duplicative charges were incurred for status conferences, record reviews, meetings, and routine case management. *Duncan v. Sec'y of Health and Human Servs.*, No. 99-0455V, 2008 WL 2465811, (Fed. Cl. Spec. Mstr. May 30, 2008) *mot. for rev. denied,* 2008 WL 4743493 (2008). In *Duncan,* the special master reduced the attorney's fee award for duplicate work done by both a senior and junior attorney.

---

[9] This amount consists of ($175 - $157.50 = $17.50 x 14 = $245) + ($187 - $157.50 = $29.50 x 3 = $88.50) + ($350 - $157.50 = $192.50 x 3 = $577.50) + ($187 - $162.50 = $24.50 x 6 = $147.00) = $1,058.00.

The entries billed by both Mr. Liebeck and Mr. Weiss include:

October 30, 2015 (0.50 hrs) "Status conference call w. Court and Gordon Shermin"
April 7, 2016 (1.3 hrs) "Met w/ Petitioner re: case status"
March 9, 2017 (0.50 hrs) "Discussion re: putting together declaration for Petitioner re: damages"
June 1, 2017 (0.50 hrs) "Phone call w/ Adriana Teitel re: loss of earnings damages"
December 21, 2017 (0.20 hrs) "Status conference w/ Chief Special master Dorsey and Adriana Teitel"
December 27, 2017 (1.50 hrs) "Meeting w/ Petitioner re: proffer"
January 4, 2018 (0.30 hrs) "Meeting w/Petitioner re: case status"

ECF No. 82-1 at 2-6.

The total time spent on the same task performed by both Mr. Liebeck and Mr. Weiss totals 9.6 hours billed.

### E.    Vague Entries

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell,* 18 Cl.Ct. 751 at 760; *Rodriguez*, 2009 WL 2568468. Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8. Multiple line entries are vague, such that it is unclear what were tasks performed. The undersigned has previously decreased an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).

Examples of these entries include:

September 23, 2015 (0.10 hrs) "Reviewed email from Gordon Shermin"
March 9, 2016 (0.10 hrs) "Reviewed email from Linda"
April 6, 2016 (0.10 hrs) "Sent email to Gordon Shermin"
August 8, 2016 (0.20 hrs) "Phone call with Linda Curtis"
May 31, 2017 (0.10 hrs) "Phone call with Adriana Tietel"

ECF No. 82-1 at 2-6.

Numerous vague entries are also duplicated. For example, on February 17, 2016 4 entries are listed as "Reviewed email from Gordon Shermin" and billed at 0.10

hours each. Likewise on February 18, 2016, there are three entries listed as "Sent email to Gordon Shermin re: teleconference w/ life care planner" and are billed at 0.10 hours each.  As the billing records show no additional work performed in between these entries it is unclear if these are for multiple emails or if the entries were duplicated.

Thus for the reasons listed above, the undersigned shall reduce the overall request for attorney's fees by 5 percent. This is a reduction of **$1,306.30.**[10]

### F. Attorneys' Costs

Petitioner requests compensation for attorneys' costs in the amount of $9,728.53. These costs include medical records, filing fees, and expenses regarding the life care plan.  ECF No. 82-2 at 2. The undersigned finds a majority of these expenses to be reasonable. However, the undersigned reduces several requested costs as administrative expenses, such as costs associated with "scanning records" and "faxes". *Id.* at 2. In the undersigned's view, these claimed costs are better categorized as overheard expenses inherent to operating a law firm, and thus not compensable.  *See Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. May 11, 2017). The undersigned also reduces the rate for "color printing" from $0.50 per page to $0.20 per page for in-house printing. *Fragoso v. Sec'y of Health & Human Servs.*, No. 08-236V, 2011 WL 300139 (Fed.Cl. Spec. Mstr. Jan. 6, 2011).

In addition, Mr. Liebeck seeks reimbursement of $277.00 for costs associated with his admission to the bar for the U.S. Court of Federal Claims.  *Id.*  Costs associated with admission to the bar are not reimbursable.  *See Velting v. Sec'y of Health & Human Servs.,* No. 90-1432, 1996 WL 937626, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996).

 This results in a total reduction of attorneys' costs in the amount of **$719.60**.

### III. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

**Attorneys' Fees:**

| | |
|---|---|
| Total Requested: | $29,470.10 |
| Less Kevin G. Liebeck Adjustment: | ($ 2,540.80) |
| Less Lee M. Weiss Adjustment: | ($ 328.80) |
| Less Paralegal Rate Adjustment: | ($ 224.50) |

---

[10] This amount consists of a 5 percent reduction of the total requested attorney fees after the reductions due to the hourly rate and travel fees.

| | |
|---|---|
| Less Travel Time: | ($   250.00) |
| Less Overall Fee Reduction: | ($ 1,306.30) |
| Total Fees Awarded: | $24,819.70 |

**Attorneys' Costs:**

| | |
|---|---|
| Total Requested: | $ 9,728.53 |
| Less Color Printing Per Page Rate: | ($   281.70) |
| Lees Scanning Records Costs: | ($   155.90) |
| Less Faxing Costs: | ($       5.00) |
| Less Costs for Bar Admission: | ($   277.00) |
| Total Costs Awarded | $ 9,008.93 |

**Total Attorneys' Fees and Costs Awarded:**   $ 33,828.63

**Accordingly, the undersigned awards the total of $33,828.63[11] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Kevin George Liebeck.**

The clerk of the court shall enter judgment in accordance herewith.[12]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[11] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.